Barbara BUTLER, Plaintiff, Appellant,

v.

AMERICAN TRAWLER COMPANY, INC., Defendant, Appellee.

No. 89–1204.

United States Court of Appeals, First Circuit.

Heard Sept. 15, 1989.

Decided Oct. 6, 1989.

George W. Beals, with whom Naomi Honeth, Portland, Me., was on brief for plaintiff-appellant.

Elizabeth A. Olivier, with whom Keith A. Powers and Preti, Flaherty, Beliveau & Pachios, Portland, Me., were on brief for defendant-appellee.

Before BOWNES and BREYER, Circuit Judges, and FAIRCHILD,[*] Senior Circuit Judge.

BREYER, Circuit Judge.

Barbara Butler, the appellant, says that on May 8, 1984 she tried to board a ship, the *Sea Lion* VII, which was docked in Newington, New Hampshire. As she reached the end of the wharf, she noticed that the ladder from wharf to ship was not usable. She therefore decided to climb down the rigging of the ship (which was just next to the wharf). She severely injured her finger in the ship's rigging. She

[*] Of the United States Court for Appeals for the Seventh Circuit, sitting by designation.

sued American Trawler, the owner of the wharf, claiming that its failure to provide a usable ladder negligently caused her injury. The district court granted the wharf's owner, defendant American Trawler, summary judgment, on the ground that Butler did not file suit until November 29, 1987, which was after the 3-year period for suit that federal maritime law permits. 46 U.S. C.App. § 763a. Butler, arguing that Maine's 6-year limitations period applies, now appeals. *See* Me.Rev.Stat.Ann. tit. 14, § 752 (1980 & Supp.1988). We, however, like the district court, conclude that federal maritime law, not Maine law, governs. Accordingly, we affirm the district court's judgment.

■ Butler concedes that maritime law governs if there is admiralty jurisdiction. *See Austin v. Unarco Industries, Inc.*, 705 F.2d 1, 6 n. 1 (1st Cir.), *cert. dismissed*, 463 U.S. 1247, 104 S.Ct. 34, 77 L.Ed.2d 1454 (1983). And there is admiralty jurisdiction if the tort at issue 1) occurred on navigable waters and 2) bore a significant relation to traditional maritime activities. *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 268, 93 S.Ct. 493, 504, 34 L.Ed.2d 454 (1972); *Shea v. Rev-Lyn Contracting Co.*, 868 F.2d 515, 517 (1st Cir. 1989). *See Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 674-75, 102 S.Ct. 2654, 2658-59, 73 L.Ed.2d 300 (1982) (significant relation to traditional maritime activity need not be commercial). Here, the tort occurred on navigable waters. Whether or not the wharf itself counts as part of the land, the injury occurred on the ship. And, for purposes of admiralty jurisdiction, controlling case law holds that the tort occurs where the negligence "takes effect," not where the negligent act occurred. *See Executive Jet Aviation*, 409 U.S. at 266, 93 S.Ct. at 503; *Drake v. Raymark Industries, Inc.*, 772 F.2d 1007, 1015 (1st Cir. 1985) (locality test satisfied when injury "occur[s] or take[s] effect on navigable waters"), *cert. denied sub nom. Raymark Industries, Inc. v. Bath Iron Works Corp.*, 476 U.S. 1126, 106 S.Ct. 1994, 90 L.Ed.2d 675 (1986); *Woessner v. Johns-Manville Sales Corp.*, 757 F.2d 634, 638 (5th Cir. 1985); *Harville v. Johns-Manville Prod-*

*ucts Corp.*, 731 F.2d 775, 782 (11th Cir. 1984); *Edynak v. Atlantic Shipping Inc.*, 562 F.2d 215, 221 n. 8 (3d Cir.1977), *cert. denied*, 434 U.S. 1034, 98 S.Ct. 767, 54 L.Ed.2d 781 (1978).

■ Moreover, in our view, the boarding of a ship bears a significant relation to traditional maritime activities, for even if we put present circumstances aside, one does not normally board a ship in quite the same way one enters a building, an airplane, or a car. *Cf. Carey v. Bahama Cruise Lines*, 864 F.2d 201, 207 n. 4 (1st Cir.1988) (boarding a tender from a cruise ship is a maritime activity). In this respect, the boarding of a ship significantly differs from the activity of walking in a negligently waxed hallway, an activity that one district court said lacks the necessary "maritime" relationship because all would have been "the same if the plaintiff had been walking down a hallway in any building on land." *Diaz v. United States*, 655 F.Supp. 411, 415 (E.D.Va.1987).

Butler goes on to claim that the 3-year federal statute of limitations does not apply because it is not part of "substantive" maritime law; rather, it is "procedural;" she adds that in a diversity action a federal court should therefore apply the longer state statute of limitations, even to a maritime tort. We need not discuss the legal lore surrounding the words "procedural" and "substantive," however, for the Supreme Court has made clear that a maritime tort is "a type of action which the Constitution has placed under national power to control in 'its substantive *as well as its procedural* features.'" *Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406, 409, 74 S.Ct. 202, 205, 98 L.Ed. 143 (1953) (quoting *Panama R.R. Co. v. Johnson*, 264 U.S. 375, 386, 44 S.Ct. 391, 393, 68 L.Ed. 748 (1924)) (emphasis added). Thus, the relevant question is not whether the federal limitations statute, 46 U.S.C.App. § 763a, is "substantive" or "procedural," but whether Congress intended that statute to preclude the operation of different state limitations statutes in respect to maritime torts. We believe that it did.

Before Congress enacted the 3–year federal statute of limitations, the admiralty doctrine of laches, not state law, controlled the timeliness of maritime personal injury actions. *See King v. Alaska Steamship Lines,* 431 F.2d 994, 996 (9th Cir.1970); *Oroz v. American President Lines,* 259 F.2d 636, 638 (2d Cir.1958), *cert. denied,* 359 U.S. 908, 79 S.Ct. 584, 3 L.Ed.2d 572 (1959). The language and the legislative history of the subsequently enacted federal statute contain nothing suggesting Congress intended to permit states to apply their own, differing statutes of limitations instead. To the contrary, the language of the statute suggests that Congress enacted it to deal with the problem of non-uniformity, a problem that arose because courts, applying the federal doctrine of laches, would "use [differing] local limitation statutes as a rule-of-thumb." *Oroz,* 259 F.2d at 639. The text of the federal statute says:

> Unless otherwise specified by law, a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued.

46 U.S.C.App. § 763a. And, in context, the words "unless otherwise specified by law," refer, not to state law, but to other *federal* law, such as 46 U.S.C.App. § 745, the 2–year statute of limitations that applies to maritime claims against the United States. *See* H.R.Rep. No. 737, 96th Cong., 2d Sess. 3, *reprinted in* 1980 U.S.Code Cong. & Admin.News 3303, 3305 (report of the Department of Justice) (section 763a would apply to those tort actions currently governed by doctrine of laches, but not those already controlled by another statutory time limitation); 126 Cong.Rec. 2591 (1980) (statement of Rep. Murphy) (section 763a would provide uniform 3–year limitations period but leave the 2–year statute of limitations placed on actions against the Federal Government unchanged).

The legislative history that we have found directly on point bears out this view. Congressman Murphy, a sponsor of the provision, told the House of Representatives:

> The act is ... aimed at eliminating the forum shopping and the presentation of stale claims which can result when claimants seek to bring their suit in the jurisdiction having the most advantageous procedural rules.... The Congress should take action to eliminate the inherent unfairness that exists when three claimants may be subject to three different sets of rules merely because they have utilized different legal tools.

126 Cong.Rec. 2591 (1980) (statement of Rep. Murphy). *See* 126 Cong.Rec. 26,884 (1980) (statement of Sen. Cannon) (section 763a will eliminate "the mischief of forum shopping"); 126 Cong.Rec. 2592 (1980) (statement of Rep. Dornan) (section 763a will eliminate inconsistency associated with doctrine of laches, which "often allow[ed] litigants bringing suit to pick the court with the most favorable interpretation of timeliness"); H.R.Rep. No. 737, 96th Cong., 2d Sess. 1–2, *reprinted in* 1980 U.S.Code Cong. & Admin.News 3303, 3303 (section 763a is needed because "divergent interpretations of timeliness for bringing an unseaworthiness claim have resulted in many litigants choosing the most favorable forum in which to bring suit").

Since, under federal law, a plaintiff may not begin a personal injury action, based upon a maritime tort, more than "three years from the date the cause of action accrued," and since Butler filed this action more than three years from the time her cause of action accrued, the court correctly dismissed her suit. And, its judgment is *Affirmed.*