**In re NORTH COAST VILLAGE, LTD., a California limited partnership, Debtor.**

**John R. PREWITT, Appellant,**

**v.**

**NORTH COAST VILLAGE, LTD., a California limited partnership, Appellee.**

**BAP No. SC–91–1199–PRO.**

**Bankruptcy No. 90–04997–LM11.**

**Adv. No. 90–90406–LM11.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Oct. 24, 1991.

Decided Jan. 22, 1992.

Roger A. Ferree, Los Angeles, Cal., for appellant.

Ole B. Oleson, San Diego, Cal., for debtor, appellee.

Before PERRIS, RUSSELL, and OLLASON, Bankruptcy Judges.

OPINION

PERRIS, Bankruptcy Judge:

The appellant, John R. Prewitt ("Prewitt"), brought an adversary proceeding in

the bankruptcy court where the bankruptcy case was pending against the debtor, North Coast Village, Ltd., for specific performance and declaratory relief. The debtor moved to dismiss the proceeding on the grounds that the adversary proceeding violated the automatic stay and sought sanctions pursuant to 11 U.S.C. § 362(h).[1] Prewitt appeals from the bankruptcy court's order dismissing the proceeding and imposing sanctions. We REVERSE.

## FACTS

The complaint at issue asserts causes of action against the debtor arising from disputes between Prewitt and A. Thomas Murphy, the principal of Century Southwest Corporation, the debtor's general partner. The parties resolved the dispute, in part, through two settlement agreements executed in 1983 and 1986 ("the agreements"). Prewitt asserts that the agreements required, *inter alia*, the debtor to convey to him certain property and to deliver a "Modified Land Note." Prewitt further contends that certain escrows were opened pursuant to the agreements, that the debtor was required to deliver the note and other documents into the escrows and that the debtor failed or refused to deliver the Modified Land Note, as was required.

In January of 1987, Prewitt, the debtor and others were named as defendants in a state court action relating to the escrows. Subsequently, Prewitt filed a cross-complaint against the debtor and others based upon the alleged breach of the agreements. In the cross-complaint, Prewitt alleged, *inter alia*, a cause of action for specific performance,[2] seeking an order requiring the debtor, Murphy and Century Southwest to deliver into escrow the Modified Land Note or, if the note no longer existed, an order requiring the debtor to execute and deliver a new Modified Land Note.

The debtor filed its Chapter 11 petition on June 15, 1990, thereby staying further proceedings on the cross-complaint in state court.[3] In August of 1990, Prewitt commenced an adversary proceeding against the debtor by filing a complaint for specific performance, damages and declaratory relief, asserting causes of action the same as those asserted against the debtor in the state court cross-complaint. In October of 1990, Prewitt filed an amended complaint in the adversary proceeding. Similar to the cross-complaint in state court, the amended complaint alleged a cause of action for specific performance and sought an order requiring the debtor to execute, if necessary, and deliver into escrow the modified land note. The amended complaint also sought a declaration, in order to preserve any rights against real property collateral under California's single action rule, that the specific performance requested is not a form of action for the recovery of the debt, the enforcement of the trust or a judgement directing the sale of encumbered property. Prewitt did not seek or obtain relief from the automatic stay before filing and serving either the original complaint or the amended complaint in the adversary proceeding.

The debtor moved to dismiss the amended complaint as being in violation of the automatic stay and sought to recover damages under section 362(h). The bankruptcy court determined that the commencement of the adversary proceeding violated the automatic stay and that the debtor could recover damages under section 362(h). Prewitt filed this timely appeal from the bankruptcy court's order dismissing the amended complaint and awarding monetary sanctions to the debtor.

## DISCUSSION

■ The dispositive issue in this appeal is whether the automatic stay precluded Prewitt from filing an adversary proceed-

1. All section references are to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, unless otherwise indicated.

2. Prewitt also alleged causes of action against the debtor and others for damages, breach of

contract, fraud, conversion, conspiracy and wrongful denial of contract.

3. The cross-complaint, which has been amended several times, is currently pending in state court.

ing in the bankruptcy court where the bankruptcy case was pending seeking specific performance and declaratory relief. This issue presents a question of law that we review *de novo*. *See e.g., In re Orvco, Inc.*, 95 B.R. 724, 726 (9th Cir. BAP 1989).

The automatic stay of section 362(a)(1) generally stays proceedings to recover prepetition claims against the debtor.[4] Although the plain language of this section appears to apply the stay to all proceedings, in the context of proceedings in bankruptcy court, courts have generally limited the application of the stay. In *In re Teerlink Ranch Ltd.*, 886 F.2d 1233, 1237 (9th Cir.1989), the Ninth Circuit stated without analysis or citation to authority, that "[t]he stay does not operate against the court with jurisdiction over the bankrupt." *In re American Spinning Mills, Inc.*, 43 B.R. 365, 367 (Bankr.E.D.Pa.1984), and similar cases hold that the automatic stay implicitly does not bar a party from commencing a proceeding against the debtor in the court where the bankruptcy petition is pending. *See In re Atreus Enterprises, Ltd.*, 120 B.R. 341, 346 (Bankr.S.D.N.Y.1990); *In re Washington Manufacturing Co.*, 118 B.R. 555, 561 (Bankr.M.D.Tenn.1990); *In re American Sports Innovations*, 105 B.R. 614, 617 (Bankr.W.D.Wash.1989).

We agree that the stay does not apply to proceedings commenced against the debtor in the bankruptcy court where the debtor's bankruptcy is pending. Although the statutory language does not differentiate between proceedings in bankruptcy courts and proceedings in other courts, the application of the stay to proceedings against the debtor in the home bankruptcy court would be illogical and would not serve the purposes underlying the automatic stay.

It is beyond serious dispute that the application of the stay to certain proceedings in the bankruptcy court would lead to absurd results. For example, if the automatic stay were construed to apply to all proceedings in bankruptcy, a creditor would need relief from the stay to file a proof of claim or even a motion for relief from the stay. As a further example, application of the stay to bar the commencement of proceedings to determine the dischargeability of a debt in the absence of relief from the stay would be unworkable in light of the short time limits within which such proceedings must be commenced. *See* Fed. R.Bankr.P. 4007(c).

The application of the stay to proceedings in the home bankruptcy court does not serve the purposes underlying the stay. The automatic stay is designed (1) to provide the debtor a breathing spell from his or her creditors by stopping all collection efforts, (2) to protect creditors from each other by stopping the race for the debtor's assets and preserving the assets for the benefit of all creditors and (3) to provide for an orderly liquidation or administration of the estate. *See* House Report No. 95–595, 95th Cong., 1st Sess. at 340–41 (1977). Through serving these purposes, the automatic stay preserves assets for the estate and the creditors by limiting the burden of the debtor to defend against creditors' collection efforts taken in various courts, thereby minimizing the administrative costs inherent in defending against such actions. In essence, the stay and the provisions for relief from the stay vest in the bankruptcy court control over which collection efforts will be allowed to go forward and the extent to which the debtor or the estate will bear the burden or cost of defending against those collection efforts.

Declining to apply the stay to proceedings in the home bankruptcy court will not interfere with these purposes. All proceedings pending at the time of the petition and the creditors' race for the assets will still be stayed. All collection efforts will proceed only under the bankruptcy court's control, either in the bankruptcy court or in another forum only if the court grants relief from the stay. The centralization of

---

**4.** Section 362(a)(1) provides that the filing of a bankruptcy petition operates as a stay of—

the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title or to recover a claim against the debtor that arose before the commencement of the case under this title.

all actions in the bankruptcy court or under the bankruptcy court's control will provide for an orderly liquidation or administration of the estate and will reduce the costs and burdens inherent in defending collection efforts in other courts. Any impairment of the breathing spell inherent in requiring the debtors to defend proceedings in the bankruptcy court is illusory. The breathing spell is not, as the debtor suggests, absolute, because even during the initial stages of a case, a creditor may take certain actions, such as moving for relief from the stay or filing a complaint to object to the debtor's discharge or the discharge of a debt, which the debtor may be required to oppose.

For the above reasons, we conclude that the automatic stay does not apply to proceedings against the debtor in the home bankruptcy court and does not prevent Prewitt's adversary proceeding seeking specific performance and declaratory relief. In reaching this conclusion, we reject the debtor's contention that the stay applies to some, but not all, proceedings against a debtor in the bankruptcy court. Having determined that certain proceedings in the bankruptcy court must necessarily be free from the stay we decline to draw a line between permissible and impermissible proceedings. Such a line is supported by neither the statutory language nor the policies underlying the automatic stay. Moreover, debtor fails to suggest, nor can we discern, a workable basis for distinguishing between permissible and impermissible proceedings.[5]

 Our holding should not be read as granting creditors permission to commence and continue with impunity any proceedings against the debtor so long as the proceeding is commenced in the home bankruptcy court. Even if an adversary proceeding does not violate the automatic stay, it may be dismissed if it is procedurally improper or if there is no substantive basis for asserting the cause of action at issue in bankruptcy. For example, an adversary proceeding against the debtor seeking to recover on a pre-petition dischargeable claim would not, under our holding today, violate the automatic stay. Such a proceeding could, however, be dismissed and sanctions could be awarded under Fed. R.Bankr.P. 9011 in an appropriate proceeding, because the claim should have been asserted through the claims allowance process. *See In re Penney*, 76 B.R. 160 (Bankr.N.D.Cal.1987). In addition, if the continuation of an otherwise permissible proceeding is unreasonably burdensome or economically unwarranted given the status of the bankruptcy case, the debtor may request the court to delay prosecution of the proceeding to a later more appropriate time. The cost of obtaining such a delay should be no greater than the cost and burden of responding to a motion for relief from the automatic stay.

## CONCLUSION

The automatic stay does not prevent adversary proceedings against the debtor in the bankruptcy court where the debtor's bankruptcy is pending. The bankruptcy court erred in determining that the adversary proceeding violated the automatic stay, in dismissing the proceeding on that basis and in imposing sanctions under 362(h).[6] We therefore REVERSE the bankruptcy court's order dismissing the amended complaint and awarding monetary sanctions to the debtor.

5. The debtor suggests that whether the stay applies should be determined by whether the proceeding asserts a cause of action provided by the Bankruptcy Code. Thus, proceedings in the home bankruptcy court would be subject to the stay if they assert a cause of action that does not arise in the Bankruptcy Code. We believe that such a rule would be unworkable and would provide little or no guidance. A determination of whether a cause of action is provided by the Code is often a difficult one especially where, as in the case of adversary proceedings regarding the dischargeability and amount of certain debts, the cause of action depends upon both bankruptcy law and state law.

6. Because we determine that Prewitt did not violate the stay, it follows that sanctions cannot be imposed under section 362(h). We do not address whether Prewitt's conduct was willful and whether the debtor, as a limited partner, can recover damages under section 362(h).