Earl COLEMAN and Carluss Coleman

v.

GUY F. ATKINSON CO., INC. NV; Kiewit Construction Co. d/b/a Atkinson–Kiewit, J.V.; United Rental Equipment; Manitowoc Forsythe Corp. and Manitowoc Remanufacturing, Inc.

v.

BOB DE BENEDICTIS, INC.

Civ. A. No. 94–0418 P.

United States District Court,
D. Rhode Island.

May 31, 1995.

**50**

Richard F. Kirby, Mactaz, Keefer & Kirby, Woonsocket, RI, for plaintiffs.

John D. Deacon, Flanders & Medeiros, Providence, RI, Richard A. Menchini, Mary Lynn Nicholas, Haight, Gardner, Poor & Havens, New York City, for defendants Atkinson and Kiewit Const.

Mark P. Dolan, Rice, Dolan & Kershaw, Providence, RI, for defendant United Rental.

Stephen A. Fanning, Jr., Edwards & Angell, Providence, RI, for defendant Manitowoc.

Timothy P. Gallogly, Roberts, Carroll, Feldstein & Peirce, Inc., Providence, RI, Michael J. Stone, Posternak, Blankstein & Lund, Boston, MA, for defendant Bob De-Benedictis, Inc.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

Defendants Guy F. Atkinson Co., Inc. and Kiewit Construction Co., d/b/a Atkinson–Kiewit J.V. (collectively "Atkinson–Kiewit") move this Court for summary judgment dismissing plaintiffs' complaint as time barred, or, in the alternative, for leave to amend their answer to assert the defense of limitation of liability. The remaining defendants join the motion for summary judgment.

For the reasons set forth below, the motion for summary judgment, or in the alternative, for leave to amend defendants' answer to assert the defense of limitation of liability is DENIED IN PART AND GRANTED IN PART.

### I.

This is a personal injury action seeking damages for injuries sustained on April 9, 1991 by plaintiff Earl Coleman while employed by the Aetna Bridge Company to work at the site of the Jamestown–Verrazanno Bridge. Plaintiffs allege in their complaint that Mr. Coleman was injured while operating a crane that was manufactured by defendant Manitowoc, remanufactured by defendant Manitowoc Remanufacturing, distributed by defendant United Rental Equipment and leased to the Atkinson–Kiewit defendants. Defendants state in their memorandum of law that at the time of the accident, the crane was on the barge HELEN C in Narraganset Bay, and Mr. Coleman was working on an adjacent barge, the COHEN 75. Defendants contend that this is a maritime tort action that operates pursuant to 46 U.S.C.App. § 763a, the three year federal limitations statute.

The following procedural history of the case is undisputed. On April 8, 1994 plaintiffs' attorneys filed a motion with the Supreme Court of the State of Rhode Island, Providence County for an Order seeking relief until July 1, 1994 "from all Statutes of Limitations and filing deadlines for all cases presently known or unknown within [their] practice" due to a fire in their office on April 1, 1994. On April 14, the Rhode Island Supreme Court entered an Order (the "Supreme Court Order") that stated, in pertinent part:

1. The petitioners shall have until July 1, 1994 to determine those client files which have been destroyed as a result of the April 1, 1994 fire at their offices.

2. During that period, which shall be retroactive to April 1, 1994, neither petitioners nor their respective clients shall in any way be penalized or disadvantaged by the scheduling of any trial or hearings, or by the application of any statute of limitations or filing deadline, or by the entry of default in any case in respect to which petitioners can establish that the client file has been destroyed in the fire. This order shall not apply to client files not destroyed in the April 1, 1994 fire.

On June 28, 1994, more than three years after the date of injury, plaintiffs filed their Complaint in the Providence County Superior Court. The Summons and Complaint were served on defendants, Atkinson–Kiewit

removed the case to this Court, and on September 8 the answer was filed. The answer did not challenge plaintiffs' compliance with the Supreme Court Order nor did it assert the affirmative defense of limitation of liability. At the time Atkinson–Kiewit filed this motion, Atkinson–Kiewit represented that no depositions had yet been conducted, nor had any discovery demands been made by plaintiffs. Discovery is scheduled to be completed by July 31, 1995.

## II.

The appropriate standards for granting summary judgment are clear:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that *there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.*

Fed.R.Civ.P. 56(c) (emphasis added). In this context, "genuine" means that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party" and a "material fact" is one which "might affect the outcome of the suit under governing laws." *Hayes v. Douglas Dynamics, Inc.,* 8 F.3d 88, 90 (1st Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2133, 128 L.Ed.2d 863 (1994), *citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In making this determination, I am bound to "view the record in the light most favorable to the [nonmoving party] and ... give that party the benefit of all reasonable inferences to be drawn in its favor." *Ortega–Rosario v. Alvarado–Ortiz,* 917 F.2d 71, 73 (1st Cir.1990) (citing *Mack v. Great Atlantic and Pacific Tea Co. Inc.,* 871 F.2d 179, 181 (1st Cir.1989)).

## III.

Defendants argue that this action, although filed as an ordinary negligence action, in fact sounds in maritime tort. As a result, substantive admiralty law applies, including a three year statute of limitations. Defendants' essential contention is that the Rhode Island Supreme Court did not have the authority to toll the maritime statute of limitations and that, consequently, this Court must make an independent determination whether plaintiffs have submitted adequate proof that they are entitled to an equitable tolling of the three year statute of limitations. Defendants offer several reasons in support of their position that plaintiffs have not met this burden.

Plaintiffs counter that the Rhode Island Supreme Court had the authority to toll the statute of limitations, that the Supreme Court Order is the law of the case, and that *Erie* principles, as well as the full faith and credit doctrine, counsel deference to the Supreme Court Order. Plaintiffs further assert that, even assuming defendants' motion for summary judgment is timely raised, there is a genuine issue of material fact as to whether plaintiffs' attorney complied with the Supreme Court Order.

■ In order to place the parties' arguments in context, a brief overview of the procedural aspects of federal maritime tort law is necessary. As a threshold matter, a court must determine whether federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) exists over the tort claim. A party seeking to invoke such jurisdiction must satisfy the conditions of both "location" and "connection" with maritime activity. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock,* —— U.S. ——, ——, 115 S.Ct. 1043, 1048, 130 L.Ed.2d 1024 (1995). The Supreme Court detailed the court's task:

> A court applying the location test must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water.... The connection test raised two issues. A court, first must "assess the general features of the type of incident involved" ... to determine whether the incident has "a potentially disruptive impact on maritime commerce".... Second, a court must determine whether "the general character" of the "activity giving rise to the incident" shows a "substantial relationship to traditional maritime activity."

*Grubart,* —— U.S. at ——, 115 S.Ct. at 1048.

■ In the event that federal maritime law is applicable to this action, 28 U.S.C.

**52**

§ 1333 is the relevant jurisdictional statute. Section 1333 provides that "district courts shall have original jurisdiction, exclusive of the courts of the States, of (1) Any civil case of admiralty law or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled*" (emphasis added). Known as the "savings to suitors" clause, § 1333(1) has been interpreted to grant state courts concurrent jurisdiction over maritime tort claims provided that state courts have *in personam* jurisdiction over the action. *American Dredging Co. v. Miller*, — U.S. —, —, 114 S.Ct. 981, 985, 127 L.Ed.2d 285 (1994) (citations omitted). As a result, a plaintiff may bring a common law action for damages in state court despite potential federal admiralty jurisdiction. However, in such cases, the extent to which state law may be used to remedy maritime injuries is constrained by the "reverse-*Erie*" doctrine, which requires that the substantive remedies afforded by the states conform to governing federal maritime law. *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 223, 106 S.Ct. 2485, 2494, 91 L.Ed.2d 174 (1986). Should such a common law action be brought in state court, removal to federal court must be premised on diversity jurisdiction. *See Pryor v. American President Lines*, 520 F.2d 974, 976 (4th Cir.1975), *cert. denied*, 423 U.S. 1055, 96 S.Ct. 787, 46 L.Ed.2d 644 (1976).

■ Where a state court has common law jurisdiction over such an action, the court has the authority to supplement the remedies available on the admiralty side with those customarily administered in that state. *See A & R Marine Salvage, Inc. v. McAllister Lighterage Line, Inc.*, 544 F.2d 551, 553–54 (1st Cir.1976) (holding that federal court with diversity jurisdiction had the authority to issue injunctive relief where state court had the power to do so). *See also Jansson v. Swedish America Line*, 185 F.2d 212, 217 (1st Cir.1950) (general maritime law may be supplemented by state statutes where their application does not work material prejudice to the characteristic features of general maritime law). It is clear, however, that a state court does not have the authority to substi-

tute its own state's statute of limitations in place of the federal statute of limitations for maritime tort actions where federal maritime tort law has been determined to apply. *Butler v. American Trawler Co.*, 887 F.2d 20, 21 (1st Cir.1989). *Butler* discussed the legislative history of the federal limitations statute, citing one of its sponsors:

> The act is ... aimed at eliminating the forum shopping and the presentation of stale claims which can result when claimants seek to bring their suit in the jurisdiction having the most advantageous procedural rules.

*Butler*, 887 F.2d at 22 (quoting 126 Cong. Rec. 2591 (1980) (statement of Rep. Murphy)).

## IV.

This Court declines to decide at this time whether federal maritime law applies to this case; even assuming, *arguendo*, that maritime law governs, the Supreme Court properly tolled the limitations statute and this Court, in the exercise of its discretion, equitably tolls the statute now.

■ I am persuaded that the Rhode Island Supreme Court had the authority to toll the statute of limitations under these circumstances, and that this Court should accord it deference. It seems clear that, pursuant to the "savings to suitors" clause of § 1333(1), the Rhode Island Supreme Court had concurrent jurisdiction over the common law negligence action. Thus, the Court had the authority to toll the statute of limitations for the instant action. Removal to this Court was necessarily premised on diversity jurisdiction, as outlined above, and, as a result, this Court shall accord it deference. As stated in 28 U.S.C. § 1450: "[w]henever any action is removed from a State court to a district court of the United States ... [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." I see no reason, in either law or equity, to disturb the state court's Order.[1]

---

1. I recognize that *Butler v. American Trawler Co.*, 887 F.2d 20 (1st Cir.1989) stands squarely for the

■ However, out of an abundance of caution, and in light of the strong language in *Butler* against the application of a state statute of limitations to an action governed by federal maritime law, this Court exercises its authority to equitably toll the applicable statute of limitations. It is true that federal courts have allowed equitable tolling only sparingly. *See Wilson v. U.S. Government,* 23 F.3d 559, 561 (1st Cir.1994). In particular, where " 'the claimant [fails] to exercise due diligence in preserving his[/her] legal rights,' courts are reluctant to apply principles of equitable tolling to extend a federal limitations period." *de Casenave v. United States,* 991 F.2d 11, 13 (1st Cir.1993) (quoting *Irwin v. Veterans Affairs,* 498 U.S. 89, 94, 111 S.Ct. 453, 456, 112 L.Ed.2d 435 (1990)). However, the facts in this case demonstrate that this Court may properly exercise its discretion to equitably toll the limitations statute. There was a fire in the offices of plaintiffs' attorney on April 1, 1994. Plaintiffs' attorney filed a motion with the Rhode Island Supreme Court a week later, one day before the federal limitations period expired for the instant action. Plaintiffs' attorney, in petitioning the Court certainly "exercised due diligence in preserving [plaintiffs'] legal rights" in light of the circumstances. A fire is an extenuating circumstance, that, in the interest of justice, should not be allowed to deprive plaintiffs of their right to seek compensation for Mr. Coleman's injuries where the plaintiffs' attorney acted responsibly in preserving the rights of his clients.[2]

### V.

Atkinson–Kiewit requests, in the alternative, leave to amend its answer to assert the defense of limitation of liability. Plaintiffs do not object. In light of the minimal amount of discovery conducted in this action, plaintiffs agree that they are not prejudiced by the addition of this affirmative defense. Pursuant to this Court's discretion under Fed. R.Civ.P. 15(a) and existing First Circuit case law, Atkinson–Kiewit may amend its answer to add the affirmative defense of limitation of liability.

### VI.

For the foregoing reasons, the motion for summary judgment dismissing plaintiffs' claims as time barred, or, in the alternative, for leave to amend the answer to assert the defense of limitation of liability is granted in part and denied in part. The motion for summary judgment is denied, and the motion to amend the answer is granted.

SO ORDERED.

proposition that a state court cannot impose its own statute of limitations upon a personal injury action based upon federal maritime law. However, the state court in this case was not seeking to impose its own limitations statute on the action, but was exercising its general equitable powers. This is hardly the type of "forum-shopping" situation that the federal limitations statute sought to avoid.

2. Defendants contend that plaintiffs' attorney never "established" that the Coleman file was among those destroyed by the fire, as required by the Supreme Court Order. Although the Rhode Island Supreme Court determined that the Order would not apply to those files which were not destroyed, it is irrelevant, in this Court's estimation, whether the file was actually destroyed. The amount of disruption caused by a fire in a legal office is sufficient to warrant a brief toll of limitations statutes. While the Supreme Court Order took a different position on this issue, this Court, in the exercise of discretion, is not bound by the requirements of the Supreme Court Order.