STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
Cumberland. ss, Clerk's Office

JUN 0 2 2016

RECEIVED

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-15-348

JOSHUA DOUGHTY,

Plaintiff

v.

ORDER

PORTLAND FISH EXCHANGE,

Defendant

Before the court is a motion for summary judgment by defendant Portland Fish Exchange.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924.

The Fish Exchange raises two alternative defenses: the federal statute of limitations for maritime torts and the Maine Tort Claims Act statute of limitations. The federal statute of limitations for maritime torts states that a civil action for personal injury arising out of a

maritime tort must be brought within 3 years. 46 U.S.C. § 30106.[1] On the maritime statute of limitations issue, there are no disputed facts, and the motion turns on issues of law.[2]

Specifically, it is undisputed for purposes of summary judgment that plaintiff Joshua Doughty is bringing this action for injuries he suffered when he was struck by crates that fell from the Fish Exchange Pier in Portland on October 8, 2009. At the time Doughty was employed by a commercial fisherman and was standing on the deck of a commercial fishing boat that had pulled up next to the pier. Defendant's SMF ¶¶ 1-2 (admitted). Immediately after the incident, Doughty's boss wanted to call rescue. Defendant's SMF ¶ 4 (admitted).

Doughty did not commence this action until 2015, when he served the defendant on July 30, 2015 and filed the complaint on August 6, 2015. Defendant's SMF ¶ 6 (admitted).

Discussion

The first question is whether federal maritime law applies. Under the U.S. Supreme Court's decision in *Jerome B. Grubart v. Great Lakes Dredge & Dock Co.,* 513 U.S. 527 (1995), there is a two-part test to determine maritime jurisdiction. The first *Grubart* test (the "location" test) is whether the injury occurred on navigable water or whether the injury was caused by a vessel on navigable water. 513 U.S. at 534. The injury occurred on navigable water in this case.

The second *Grubart* test (the "connection" test) is whether the incident had a potentially disruptive impact on maritime commerce and whether the general character of the activity giving rise to the incident has a substantial relationship to traditional maritime activity. *Id.* at 534, 539.

---

[1] 46 U.S.C. § 30106 was enacted in 2006 and replaced an identical statute of limitations contained in former 46 U.S.C. App. § 763a.

[2] Doughty admitted ¶¶ 1 - 4 and 6 of Defendant's SMF. The court will consider ¶¶ 1 - 9 and 11 of Plaintiff's Statement of Additional Material Facts to be admitted for purposes of this motion, although it does not find those factual assertions affect its legal ruling.

2

On the issue of whether an injury to a seaman, as occurred in this case, would have a potentially disruptive impact on maritime commerce,[3] federal courts appear to have concluded that such an injury would meet this criteria. *E.g., Florio v. Olson*, 129 F.3d 678, 680 (1st Cir. 1997) (finding connection test satisfied although location test was not); *Alderman v. Pacific Northern Victor*, 95 F.3d 1061, 1064 (11th Cir. 1996); *Coats v. Penrod Drilling Corp.*, 61 F.3d 1113, 1119 (5th Cir. 1995); *Butler v. American Trawler Co.*, 887 F.2d 20, 20-21 (1st Cir. 1989) (Breyer, J.). Moreover, the court concludes that there can be no dispute that the incident here arose out of traditional maritime activity.

The court therefore concludes that federal maritime law applies. Doughty's only argument to the contrary is limited to the cursory assertion that he is not alleging a maritime tort but rather a state law claim for which there is jurisdiction.[4] However, Doughty's primary argument is that, assuming that federal maritime law applies, he is not subject to the three-year statute of limitations because of the "saving to suitors" clause in 28 U.S.C. § 1333(1).

The "saving to suitors" clause has been interpreted to give state courts jurisdiction over certain claims that would otherwise be within the exclusive admiralty jurisdiction of federal courts. However, it has not been interpreted to relieve plaintiffs of the three-year statute of limitations applicable to maritime torts that was formerly set forth in 46 U.S.C. App. § 763a and is now contained in 46 U.S.C. § 30106. *Butler v. American Trawler Co.*, 887 F.2d at 21. In *Butler* Judge Breyer concluded that in enacting 46 U.S.C. App. § 763a Congress had intended to preclude the application of different statutes of limitations that might be applicable under state law.

---

[3] This aspect of the test does not require that the incident *actually* have a disruptive effect on maritime commerce; a potentially disruptive effect is enough. *Sisson v. Ruby*, 497 U.S. 358, 363 (1990).

[4] Plaintiff's Memorandum of Law in Opposition to Summary Judgment at 1, an assertion repeated in the same language at page 4.

Doughty argues that under federal admiralty law, the equitable doctrine of laches – rather than the three-year deadline in 46 U.S.C. § 30106 – governs. Doughty is correct that ordinarily under admiralty law the doctrine of laches applies. Under that doctrine the most analogous statute of limitations is used as a benchmark. If a plaintiff files suit after that statutory period, the burden of proving that the delay was nevertheless reasonable and did not result in any prejudice falls on the plaintiff. *See TAG/ICIB Services Inc. v. Pan American Grain Co.,* 215 F.3d 172, 175-76 (1st Cir. 2000).

However, Judge Breyer's decision in *Butler* held that the statutory enactment of a specific three-year limitations period applicable to maritime torts was intended to displace the application of the doctrine of laches that would otherwise be applicable in admiralty cases. 887 F.2d at 22. Accordingly, the court need not consider whether the facts asserted in Doughty's Statement of Additional Material Facts would generate a disputed issue for trial on the issue of laches. Under *Butler,* his claim is time-barred because it was not brought within three years after he was injured on October 8, 2009.

The court also does not need to reach the Fish Exchange's alternative argument that it is a governmental entity within the meaning of 14 M.R.S. § 8102(2) & (3) and therefore that, if state law applies, Doughty's action is barred by the two-year statute of limitations contained in 14 M.R.S. § 8110.

The entry shall be:

Defendant's motion for summary judgment is granted. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: June ___/___, 2016

_____
Thomas D. Warren
Justice, Superior Court