**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | ) BAP No.   CC-16-1273-FCTa |
| | ) |
| LIBERTY ASSET MANAGEMENT CORPORATION, a California corporation, | ) Bk. No.   2:16-bk-13575-TD |
| | ) |
| Debtor. | ) |
| _____ | ) |
| | ) |
| MAXWELL REAL ESTATE INVESTMENT, LLC; CHUNBO ZHANG; CHENHAN WU; GOLDEN STONE INVESTMENT, LLC, | ) |
| | ) |
| Appellants, | ) |
| | ) |
| v. | ) **MEMORANDUM**[*] |
| | ) |
| LIBERTY ASSET MANAGEMENT CORPORATION, a California corporation, | ) |
| | ) |
| Appellee. | ) |
| _____ | ) |

Argued and Submitted on February 23, 2017
at Pasadena, California

Filed – March 21,2017

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Thomas B. Donovan, Bankruptcy Judge, Presiding

Appearances:     Stephen E. Ensberg argued on behalf of Appellants Maxwell Real Estate Investment, LLC, Chunbo Zhang, Chenhan Wu, and Golden Stone Investment, LLC; David B. Golubchik of Levene, Neale, Bender, Yoo &

_____

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, see Fed. R. App. P. 32.1, it has no precedential value, see 9th Cir. BAP Rule 8024-1.

Brill LLP argued on behalf of Appellee Liberty Asset Management Corporation.

Before: FARIS, CLEMENT,[**] and TAYLOR, Bankruptcy Judges.

## INTRODUCTION

Appellants Maxwell Real Estate Investment, LLC, Chunbo Zhang, Chenhan Wu, and Golden Stone Investment, LLC (collectively, "Maxwell Defendants") sought relief from the automatic stay to prosecute their counterclaims against chapter 11[1] debtor Liberty Asset Management Corporation ("Liberty") in California state court or the bankruptcy court. The bankruptcy court correctly noted that the Maxwell Defendants did not need stay relief to pursue their claims against Liberty in the bankruptcy forum and described their arguments as "a whole lot of nothing." We agree and AFFIRM.

## FACTUAL BACKGROUND

### A. Prepetition events and Liberty's bankruptcy filing

In 2012, the Maxwell Defendants loaned Liberty $5.4 million. Liberty misused the funds, and the Maxwell Defendants demanded that Liberty return the money. Liberty agreed to repay the loan with interest. Liberty also agreed to convey to the Maxwell Defendants several parcels of real property. The proceeds from

---

[**] he Honorable Fredrick E. Clement, United States Bankruptcy Judge for the Eastern District of California, sitting by designation.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

2

the sales of those properties were to pay down Liberty's debt. After the properties were sold, Liberty still owed the Maxwell Defendants over $1.4 million.

The parties entered into another agreement whereby Liberty agreed to transfer real property located on 10th Street in Santa Monica, California (the "10th Street Property") to the Maxwell Defendants for sale. Following the sale of the 10th Street Property, the Maxwell Defendants alleged that Liberty still owed them $489,910.81. In contrast, Liberty argued that the Maxwell Defendants owed it over $2.5 million.

Liberty filed a lawsuit in the California superior court (the "State Court Action") against the Maxwell Defendants. Before the Maxwell Defendants responded to the operative second amended complaint, Liberty filed a voluntary chapter 11 petition. Liberty also removed the State Court Action to the bankruptcy court.

**B.    The motion for relief from stay**

The bankruptcy court issued an order to show cause ("OSC") why the State Court Action should not be remanded to the state court. On July 27, 2016, the Maxwell Defendants filed a motion for relief from the automatic stay ("Motion for Relief"), an answer to the second amended complaint, a proposed counterclaim, and a motion to remand the case to the state court ("Motion to Remand").

The Motion for Relief requested that the bankruptcy court grant the Maxwell Defendants relief from the automatic stay so that they could pursue their counterclaims against Liberty in the state court. They argued that the State Court Action involved

3

state law claims that did not affect the bankruptcy proceedings. They also contended that they wanted to litigate their counterclaims in a "non-bankruptcy forum."

Liberty opposed the Motion for Relief, arguing that the request was inappropriate because there was no longer any proceeding in the state court after Liberty removed the State Court Action to the bankruptcy court; that there was no "cause" to grant relief; and that the State Court Action was a core bankruptcy proceeding.

In their reply, the Maxwell Defendants insisted that the State Court Action was not a core proceeding and should be litigated in the state court. They claimed that Liberty was attempting to prevent them from "fully presenting and litigating [their] contractual transactional dispute with Liberty[.]" They also rejected the notion of pursuing their counterclaims against Liberty in the bankruptcy court: "A Proof of Claim is obviously an insufficient vehicle to enable the Court to evaluate the nature and breadth of the full and complete dispute between the Parties." Although the Maxwell Defendants requested that the court grant the Motion for Relief "so that the state court action, BC588682 may proceed in state court[,]" they implied for the first time that they also sought stay relief to file their counterclaim in the adversary proceeding before the bankruptcy court: "[i]f the Court does not remand the case, Maxwell still needs stay relief to file and present its claims in the pending removed Adversary Proceeding based on the 2nd Amended Complaint filed by Liberty."

After a hearing, the bankruptcy court withdrew the OSC and

4

denied the Motion to Remand. This appeal does not include those decisions.[2]

The bankruptcy court held a separate hearing on the Motion for Relief. The Maxwell Defendants argued that the bankruptcy court "should allow us to proceed with this counterclaim in the bankruptcy court as part of this adversary proceeding, so that the Court can have a full elucidation of the facts presented by the parties, rather than a truncated, restrictive issue . . . ."

The court explained to the Maxwell Defendants that they did not need stay relief to file anything in the bankruptcy court and that their claims would be heard at the appropriate time and context:

> I still don't see the problem. You know, we're here today because of your motion for relief from stay, and I think your premise for the motion is just -- doesn't fit with what we do in this bankruptcy world we live in here.
>
> The bankruptcy world's a little different than the outside world. You don't need relief from stay to make trouble for the debtor in this court. **You can file anything you want to in this court to call the debtor to account. You don't need relief from stay to do that.** If you think the debtor has cheated you out of something, or is cheating you out of something, or is taking money out of your pocket, you can file the motion, and I'll hear the motion. **That's really the answer to your relief from stay motion, it's just not necessary. There's nothing that I'm aware of in the bankruptcy law that prevents you from making any claim you want against this debtor,** if you think this debtor has treated you badly. **And that will be heard in this court whenever it comes up, however it comes up.**

---

[2] The Maxwell Defendants appealed the denial of the Motion to Remand to the BAP, BAP No. CC-16-1270. A motions panel determined that the appeal was interlocutory, denied leave to appeal, and dismissed the appeal. The Maxwell Defendants do not seek further review of the bankruptcy court's denial of the Motion to Remand in this appeal.

(Emphases added.)  The court accordingly denied the Motion for Relief, and the Maxwell Defendants timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(G).  We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in denying the Maxwell Defendants relief from the automatic stay.

## STANDARDS OF REVIEW

We review for an abuse of discretion the bankruptcy court's decision to grant or deny relief from the automatic stay under § 362(d).  Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer), 405 B.R. 915, 919 (9th Cir. BAP 2009) (citation omitted).  We apply a two-part test to determine whether the bankruptcy court abused its discretion.  United States v. Hinkson, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).  First, we consider de novo whether the bankruptcy court applied the correct legal standard to the relief requested. Id.  Then, we review the bankruptcy court's factual findings for clear error.  Id. at 1262.  We must affirm the bankruptcy court's factual findings unless we conclude that they are illogical, implausible, or without support in inferences that may be drawn from the facts in the record.  Id.

Additionally, "[w]e review de novo contentions that present an issue of law regarding stay relief."  In re Kronemyer, 405 B.R. at 919.  "De novo review requires that we consider a matter anew, as if no decision had been made previously."

6

<u>Francis v. Wallace (In re Francis)</u>, 505 B.R. 914, 917 (9th Cir. BAP 2014) (citations omitted).

**DISCUSSION**

**A. Section 362(d)(1) allows a court to grant relief from the automatic stay "for cause."**

The filing of a bankruptcy petition creates an automatic stay under § 362(a), which stays specific acts against the debtor, his property, and the property of the estate, including: "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." § 362(a)(1).

Section 362(d) allows the court to grant relief from the automatic stay in certain circumstances. Section 362(d)(1) provides that the bankruptcy court may grant a creditor relief from stay "for cause."

"Because there is no clear definition of what constitutes 'cause,' discretionary relief from the stay must be determined on a case by case basis." <u>MacDonald v. MacDonald (In re MacDonald)</u>, 755 F.2d 715, 717 (9th Cir. 1985); see <u>Fadel v. DCB United LLC (In re Fadel)</u>, 492 B.R. 1, 11 (9th Cir. BAP 2013) ("What constitutes 'cause' to terminate the stay is determined on a case-by-case basis.").[3]

_____

[3] When considering whether to lift the stay so that the creditor may pursue prepetition litigation, we have previously used the twelve nonexclusive factors enumerated in <u>In re Curtis</u>, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984). See <u>Lapierre v.</u>
(continued...)

7

"[T]he party seeking relief must first establish a prima facie case that 'cause' exists for relief under § 362(d)(1). Once a prima facie case has been established, the burden shifts to the debtor to show that relief from the stay is unwarranted. If the movant fails to meet its initial burden to demonstrate cause, relief from the automatic stay should be denied." In re Advanced Med. Spa Inc., 2016 WL 6958130, at *4.

**B. The bankruptcy court did not abuse its discretion in denying stay relief.**

**1. The Maxwell Defendants sufficiently raised before the bankruptcy court the issue of lifting the stay in the adversary proceeding.**

Liberty argues that the Maxwell Defendants only requested that the bankruptcy court lift the stay to allow them to prosecute their counterclaims in the state court. It contends that, as a result, the Maxwell Defendants cannot argue for the first time on appeal for stay relief to pursue their claims in the bankruptcy court. We disagree.

As a general rule, we will only consider on appeal issues that were distinctly raised before the bankruptcy court. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957 (9th Cir. 1989) ("appellate courts will not consider arguments that are not 'properly raise[d]' in the trial courts"). An issue "must be raised sufficiently for the trial court to rule on it" in the first instance. Id.

---

[3](...continued) Advanced Med. Spa Inc. (In re Advanced Med. Spa Inc.), BAP No. EC-16-1087, 2016 WL 6958130, at *3-4 (9th Cir. BAP Nov. 28, 2016) (enumerating the Curtis factors); In re Kronemyer, 405 B.R. at 921 (recognizing the Curtis factors).

8

Liberty is correct that the Motion for Relief emphasized the request for stay relief to pursue counterclaims in the state court. The only mention of the Maxwell Defendants' desire for relief to pursue claims in the bankruptcy court came in one passing sentence in their reply brief. There is no doubt that the Maxwell Defendants' filings focused almost exclusively on getting their claims litigated in the state court.

However, following the court's denial of the Motion to Remand, the Maxwell Defendants changed tactics at the hearing on the Motion for Relief and emphasized their request for stay relief to proceed in the bankruptcy court. They specifically requested that the court "allow us to proceed with this counterclaim in the bankruptcy court as part of this adversary proceeding."

While the Maxwell Defendants did not raise the request to lift the stay to proceed in bankruptcy court in their written submissions until the reply brief, the argument was sufficiently raised at the hearing, and it was the only relief considered by the court.[4] Because the court had a sufficient opportunity to consider the issue and made an informed ruling, this issue is appropriate for our review.

Conversely, Liberty attempts to confuse the issues by introducing new arguments at the oral argument before this Panel.

[4] Liberty argues that we cannot consider arguments not raised in the Motion for Relief, since it could not respond in writing. However, Liberty could have addressed the arguments at the hearing on the motion. Moreover, the only operative question is whether the court was presented with sufficient argument to rule on the issue currently on appeal, not whether Liberty could sufficiently respond to that argument.

9

Liberty argued for the first time at oral argument that relief from stay is required to assert a setoff but is not required to asserts claims of recoupment. We will not consider these new arguments on appeal.

### 2. The automatic stay does not bar the Maxwell Defendants from pursuing their claims in the bankruptcy court.

The only issue on appeal is whether the bankruptcy court erred in denying the Maxwell Defendants relief from stay to litigate their claims against Liberty in the bankruptcy court. We consider only the narrow issue of whether relief from stay is warranted, not whether the court must afford the Maxwell Defendants' claims any particular procedure or consideration.

The Maxwell Defendants argue that they require stay relief to file their counterclaim in the adversary proceeding and consolidate all matters regarding the $5.4 million loan and 10th Street Property before the bankruptcy court. They claim that the bankruptcy court's ruling is prejudicial because the mischaracterization of the issues will prevent the bankruptcy court from understanding the full scope of the parties' transaction. The Maxwell Defendants misapprehend the bankruptcy court's decision.

We previously answered the question whether the automatic stay prevents the bankruptcy court from adjudicating an adversary proceeding against the debtor in a bankruptcy forum. In Prewitt v. North Coast Village, Ltd. (In re North Coast Village, Ltd.), 135 B.R. 641 (9th Cir. BAP 1992), the debtor and a creditor were involved in litigation in the state court. When the debtor filed for chapter 11 bankruptcy protection, the creditor filed an

10

adversary proceeding against the debtor, alleging the same claims that were raised in the state court action. The debtor moved to dismiss the creditor's adversary complaint as a violation of the automatic stay and sought sanctions. The bankruptcy court granted the debtor's motion and dismissed the adversary complaint for violating the automatic stay. 135 B.R. at 642.

On appeal, the BAP reversed. We considered whether the automatic stay prevented the creditor from pursuing an adversary proceeding in the bankruptcy court where the bankruptcy case was pending. Id. at 642-43. We pointed to the consensus among various courts and said:

> **We agree that the stay does not apply to proceedings commenced against the debtor in the bankruptcy court where the debtor's bankruptcy is pending.** Although the statutory language does not differentiate between proceedings in bankruptcy courts and proceedings in other courts, **the application of the stay to proceedings against the debtor in the home bankruptcy court would be illogical and would not serve the purposes underlying the automatic stay.**

Id. at 643 (emphases added).

As the bankruptcy court correctly told the Maxwell Defendants, "You don't need relief from stay to make trouble for the debtor in this court. You can file anything you want to in this court to call the debtor to account. You don't need relief from stay to do that. . . . That's really the answer to your relief from stay motion, it's just not necessary." We agree. The automatic stay does not preclude the Maxwell Defendants from asserting their claims in either the main bankruptcy case or the adversary proceeding, and the bankruptcy court's order did not prevent the Maxwell Defendants from filing anything concerning the $5.4 million loan transaction. The bankruptcy court denied

11

the Motion for Relief simply because relief from stay to proceed in the bankruptcy court is unnecessary.  As it said at the hearing, the Maxwell Defendants are free to file anything they want, and its filings will be "heard in this court whenever it comes up, however it comes up."  Accordingly, there was no cause to lift the stay, and the bankruptcy court did not abuse its discretion.

Although the automatic stay does not prevent the Maxwell Defendants from filing counterclaims in the adversary proceeding, other rules might.  Ordinarily, creditors assert prepetition claims by filing proofs of claim, not complaints or counterclaims in adversary proceedings.  Compare §§ 501(a), 502(a), with Rule 7001.  The bankruptcy court may impose sanctions on a party who files a complaint or a counterclaim where a proof of claim would have been proper.  In re N. Coast Vill., Ltd., 135 B.R. at 644 ("an adversary proceeding against the debtor seeking to recover on a pre-petition dischargeable claim would not, under our holding today, violate the automatic stay.  Such a proceeding could, however, be dismissed and sanctions could be awarded under [Rule] 9011 in an appropriate proceeding, because the claim should have been asserted through the claims allowance process").  But this is not an inexorable command.  The bankruptcy court could, if it so chooses, permit the Maxwell Defendants to file a counterclaim, rather than just a proof of claim, or consolidate an objection to the Maxwell Defendants' proof of claim with the adversary proceeding.  The bankruptcy court also might find this unnecessary; we do not agree with the Maxwell Defendants' argument that they can only defend themselves and put Liberty's

12

claims in context by filing a counterclaim.

But these broader issues are not before us. The bankruptcy court denied the Motion for Relief simply because the motion was unnecessary: the automatic stay did not preclude the Maxwell Defendants from doing what they wanted to do. The bankruptcy court's decision was correct.

## CONCLUSION

For the reasons set forth above, the bankruptcy court did not abuse its discretion in denying the Maxwell Defendants relief from the automatic stay. Accordingly, we AFFIRM.

13