John E. KING, Appellant,

v.

ALASKA STEAMSHIP COMPANY, Appellee.

No. 23588.

United States Court of Appeals, Ninth Circuit.

Sept. 16, 1970.

---

J. Duane Vance (argued), of Vance, Davies, Roberts & Bettis, Seattle, Wash., for appellant.

H. Graham Gaiser (argued), of Bogle, Gates, Dobrin, Wakefield & Long, Seattle, Wash., for appellee.

Before HAMLEY, JERTBERG and TRASK, Circuit Judges.

HAMLEY, Circuit Judge:

The issue here before us is whether a state statute of limitations or the admiralty doctrine of laches governs in a diversity suit to recover damages for injuries resulting from a maritime tort, the plaintiff having demanded a jury.

The district court held that the statute of limitations applies and granted defendant's motion for summary judgment dismissing the action. Plaintiff appeals. We reverse.

The following facts were established for the purpose of the motion for summary judgment. On March 27, 1964, plaintiff John E. King was employed as a longshoreman aboard the vessel SS CHENA. This vessel, owned and operated by defendant Alaska Steamship Company, was then at Valdez, Alaska, on navigable territorial waters of the state of Alaska.

Due to the negligence of company personnel, certain steel pontoons stowed aboard the vessel were not properly secured. Also, failure to secure the pontoons rendered the SS CHENA unseaworthy. An earthquake and resulting tidal action caused the vessel to roll and pitch in such a manner that the unsecured pontoons fell through an open hatch into the hold below, where plaintiff was working, causing the injuries in question.

In his complaint seeking damages for his injuries, filed in the United States District Court for the Western District of Washington, King invoked the diversity of citizenship statute, 28 U.S.C. § 1332, as the sole basis for district court jurisdiction. He also demanded a jury trial.

Defendant moved for a summary judgment dismissing the action on the ground that, since jurisdiction was predicated upon diversity of citizenship, the action is barred, either by the Washington or Alaska statute of limitations. Plaintiff conceded that if either of these statutes govern, the action is barred. However, he argued that the admiralty doctrine of laches, rather than a state statute of limitations, controls and the action is therefore not time-barred.

The district court concluded that, if its jurisdiction rests solely upon diversity

of citizenship, the Alaska or Washington statute of limitations governs, and bars the action. However, the court gave plaintiff leave to invoke district court jurisdiction under 28 U.S.C. § 1333, providing for admiralty or maritime jurisdiction. If jurisdiction were so invoked, the court held, the doctrine of laches would apply. Plaintiff elected not to invoke admiralty jurisdiction. The district court therefore entered the summary judgment now under review.

■■ King sustained injuries aboard a ship upon navigable waters. His injuries were caused by conduct which occurred on those waters. Therefore, whether King sues in state court, in the district court on the basis of admiralty jurisdiction (28 U.S.C. § 1333), or, as here, in the district court on the basis of diversity jurisdiction (28 U.S.C. § 1332), the legal rights and liabilities arising from the conduct in question are measurable by the standards of maritime law. Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 628, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959). As pointed out in *Kermarec*, the application of the standards of the maritime law in such a case is not affected by the plaintiff's exercise of the further right to a jury trial.

■■ The effect of the lapse of time on the viability of the action is to be determined by one of the standards of the maritime law that governs the rights and liabilities of King and the Alaska Steamship Company. This is true because the right to bar an action for lapse of time is a substantive right. *See* Guaranty Trust Co. v. York, 326 U.S. 99, 110, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). It is conceded that the relevant lapse of time standard in maritime law is the doctrine of laches. It follows that laches governs this case, and not any state statute of limitations.

While the Supreme Court has apparently not yet ruled on the question, the courts of appeals which have had anything to say about the problem are in apparent agreement with our holding stated above. Thus, in Giddens v. Isbrandtsen Co., 355 F.2d 125, 126–127 (4th Cir. 1966), the court said: "Hence, because this action is at law, on diversity jurisdiction, laches is not displaced by any limitation statute." In Larios v. Victory Carriers, Inc., 316 F.2d 63, 65 (2d Cir. 1963), the court stated that, where the claim is for an injury on the high seas, the applicable principle is laches and not the statute of limitations, "* * * whether his suit * * * be treated as a libel in admiralty, * * * or as an action on the 'law side' of the federal court based on diverse citizenship under the saving clause, 28 U.S.C. § 1333(1) * * *."

■ Defendant observes that in neither of these cases did the court address itself to the "crucial" issue in the case at bar, namely, the question of combining the admiralty rule of laches and the law rule of a jury trial. However, as pointed out in *Kermarec*, the fact that the plaintiff, asserting a maritime claim, may have exercised his right to a jury trial does not preclude him from applying the standards of the maritime law. One of those standards, as we have indicated, pertains to the effect of the lapse of time upon the viability of the claim, and is embodied in the doctrine of laches.

We need not now decide whether, at the trial, King will be entitled to a jury finding on the issue of laches, or whether the laches issue is for the trial judge to decide. As yet there has been no motion to strike, or limit, the jury demand, and the trial court has not yet been called upon to decide that issue. If, on remand, such an issue is raised, plaintiff may wish to stipulate, as he offered in this court to stipulate, that the laches issue be decided by the court and not the jury. If he does not so stipulate, the district court will, for the first time, be confronted with this issue.

Reversed and remanded for further proceedings consistent with this opinion.