**June MENDEZ, Plaintiff–Appellant,**

**v.**

**ISHIKAWAJIMA–HARIMA HEAVY INDUSTRIES CO., LTD., Defendant–Appellee.**

**No. 93–56478.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 1995.

Decided April 11, 1995.

Preston Easley, San Pedro, CA, for plaintiff-appellant.

Roger Justice Fleischman, Fleischman & Fleischman, San Francisco, CA, for defendant-appellee.

Before: BROWNING and BEEZER, Circuit Judges, and HAGGERTY, District Judge.*

BEEZER, Circuit Judge:

June Mendez, a longshore worker, appeals the district court's dismissal of her diversity action against Ishikawajima–Harima Heavy Industries ("IHI"), the manufacturer of the vessel upon which she slipped and fell. The district court had jurisdiction pursuant to 28 U.S.C. § 1332, we have jurisdiction pursuant to 28 U.S.C. § 1291. Mendez contends that the district court improperly dismissed her claim as barred by California's one year statute of limitations. Mendez asserts that her claim was in fact governed by the admiralty

by designation.

three year statute of limitations. We agree and reverse and remand to the district court.

## I

June Mendez, a longshore worker, was injured when she slipped and fell on a recessed manhole cover which was allegedly filled with water and in an area that was poorly lit. The accident occurred in 1990 aboard the M/V GREEN LAKE while the vessel was discharging automobiles. The M/V GREEN LAKE was owned and operated by Central Gulf Lines and manufactured by IHI. In 1990, Mendez sued Central Gulf for her injuries alleging Central Gulf was negligent because the manhole cover was an unsafe condition that existed aboard the vessel. Following a jury trial, judgment was entered in favor of Central Gulf.

In 1992, Mendez filed the instant action against IHI alleging negligence and claims for product liability. The complaint based jurisdiction in federal court solely on diversity jurisdiction. IHI moved for summary judgment on collateral estoppel grounds claiming that the first action barred the claims of the second. Judge Tashima denied the motion and transferred the case to Judge Hatter, the district judge from the first action. Judge Hatter denied IHI's motion for reconsideration of the summary judgment motion but granted IHI's motion to dismiss, apparently concluding the action was governed by California's one year statute of limitations.

## II

■ Generally, a federal court sitting in diversity applies the applicable statute of limitations of the jurisdiction in which the court sits. California provides a one year statute of limitations for personal injury actions based on negligence or products liability. Cal.Civ.Pro.Code § 340(3). Mendez urges, however, that the three year statute of limitations for personal injuries arising from maritime torts is applicable regardless of whether the district court's jurisdiction is based on diversity or admiralty. 46 U.S.C.App. § 763a. Determining the appropriate statute of limitations is a question of law reviewed de novo. *Felton v. Unisource Corp.*, 940 F.2d 503, 508 (9th Cir.1991).

■ We have noted that the "exercise of admiralty jurisdiction and the application of maritime law are not necessarily coextensive." *Arcwel Marine, Inc. v. Southwest Marine, Inc.*, 816 F.2d 468, 470 n. 1 (9th Cir.1987), *cert. denied*, 484 U.S. 1008, 108 S.Ct. 704, 98 L.Ed.2d 655 (1988). Congress has provided that district courts shall "have original jurisdiction, exclusive of the courts of the States, of ... [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333. The saving-to-suitors clause allows claimants to pursue actions for maritime torts at law either in state courts or in federal courts pursuant to diversity jurisdiction.[1] *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 204, 92 S.Ct. 418, 420, 30 L.Ed.2d 383 (1971). Regardless of the chosen forum, the applicable substantive law will be federal maritime law. *Victory Carriers*, 404 U.S. at 204, 92 S.Ct. at 420–21 (concluding maritime claims brought pursuant to diversity jurisdiction are "rooted in federal maritime law."); *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628, 79 S.Ct. 406, 408–09, 3 L.Ed.2d 550 (1959) (holding the legal rights and liabilities arising from a maritime tort brought in diversity were "measurable by the standards of maritime law"); *Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.*, 982 F.2d 363, 366 n. 1 (9th Cir.1992) ("Substantive maritime law controls tort claims arising on navigable waterways of the United States with a sufficient nexus to traditional maritime activity, whatever the forum or asserted basis of jurisdiction.") *See also Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1321 (11th Cir.1989); *Continental Cas. Co. v. Canadian Universal Ins. Co.*, 605 F.2d 1340, 1344 (5th Cir.1979), *cert. denied*, 445 U.S. 929, 100 S.Ct. 1317, 63 L.Ed.2d 762 (1980).

Prior to the enactment of the admiralty statute of limitations, we were faced with the

---

1. Neither party disputes that Mendez's injuries arose out of a maritime tort. Mendez was injured while on a vessel in navigable waters. Because Mendez was a longshore worker on a commercial maritime vessel, the tort is substantially related to commercial maritime activity. *See generally Whitcombe v. Stevedoring Servs. of America*, 2 F.3d 312, 314 n. 1 (9th Cir.1993).

question of whether a state statute of limitations or the admiralty doctrine of laches controlled a diversity action for injuries arising from a maritime tort. *King v. Alaska S.S. Co.*, 431 F.2d 994 (9th Cir.1970). We concluded that the admiralty doctrine of laches controls holding that "the legal rights and liabilities ... are measurable by the standards of maritime law." *Id.* at 996. We noted that "[t]he effect of the lapse of time on the viability of the action is to be determined by one of the standards of the maritime law that governs the rights and liabilities of [the parties]. This is true because the right to bar an action for lapse of time is a substantive right." *Id.* at 996. Consistent with prevailing authority requiring the application of substantive maritime law to maritime torts, the First Circuit concluded that the admiralty statute of limitations controls in a diversity action for a maritime tort. *Butler v. American Trawler Co.*, 887 F.2d 20 (1st Cir.1989).

Mendez's claim is clearly for a maritime tort. Although she brought suit in diversity, her claim is governed by substantive maritime law. Accordingly, the district court erred in concluding that the California one year statute of limitations barred her action and, instead, should have applied the admiralty three year statute of limitations for maritime torts.[2]

### III

IHI urges that the district court's order be affirmed on collateral estoppel grounds. Both Judge Tashima and Judge Hatter rejected this argument in denying IHI's motion for summary judgment. Because we are remanding to the district court to apply the three year admiralty statute of limitations, we decline to decide whether Mendez's action is barred by collateral estoppel.

REVERSED AND REMANDED.

---

2. Because we reach this result, we need not address Mendez's alternative request to amend her complaint.