**Richard ANDERSON, Appellant,**

v.

**VARCO INTERNATIONAL, INC., Appellee.**

No. 01–94–00414–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 13, 1995.

Rehearing Overruled Sept. 7, 1995.

Richard N. Countiss, Houston, Robert B. Keaty, Michel P. Wilty, Lafayette, LA, for appellant.

Douglas C. Longman, Lafayette, LA, F. William Mahley, Robert L. Kaminski, Austin, for appellee.

Before TAFT, HUTSON–DUNN and WILSON, JJ.

## OPINION

TAFT, Justice.

Richard Anderson, the appellant, sued Varco International Inc. (Varco), the appellee, asserting a general maritime tort claim under federal and state laws. The trial court granted Varco's motion for summary judgment based on the application of the state statute of limitations. We reverse and remand.

## Factual Summary

On December 8, 1990, Anderson, a citizen of Great Britain, suffered injuries aboard and in the service of the *M/V Ocean Alliance,* a drilling vessel. Anderson was struck by a metal object known as a "crown clearance indicator" when it fell off a derrick aboard the drilling vessel. Consequently, Anderson suffered paralysis and atrophy of his left arm, left shoulder, and left hand, as well as multiple lacerations.

On December 28, 1992, Anderson filed suit in Harris County against Varco, Diamond M–ODECO Offshore, Inc., Ben–O–DECO, a British corporation, British Petroleum Company, BP Exploration and Oil, Inc., and BP North America Petroleum Inc. Varco, which has its principal office in Harris County, Texas, manufactured the top drive drilling system that included the crown clearance indicator.

Varco moved for summary judgment on the ground that Anderson's claims were barred by Texas' two-year statute of limitations under TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986).[1] The trial court granted the motion and severed the case against the other defendants. Later, defendant Diamond M–Odeco Company was granted summary judgment on the same grounds, and the appeal for that judgment is currently pending in the Fourteenth Court of Appeals.

## Does the federal or Texas statute of limitations apply?

In points of error one, three, and four, Anderson contends the trial court erred in granting Varco's motion for summary judgment because the three-year federal statute of limitations in maritime cases preempts the Texas statute of limitations. Anderson argues that its causes of action are not time barred because it filed suit within two years and 20 days after injury, within the applicable federal limitations period. In its motion for summary judgment, Varco contended that Anderson's causes of action were based on general maritime law and the Texas statute of limitations should apply. Varco argues that the Texas statute of limitations is procedural and must be applied by Texas courts no matter what substantive law the court decides to apply.

■ We note that Varco's argument on appeal is that federal maritime law does not

---

1. In its brief, Varco states that Anderson filed a response to the summary judgment motion but failed to include it in the appellate record. How-ever, the record does not indicate that Anderson actually filed a response to the summary judgment motion.

apply to a foreigner injured in foreign territorial waters, and therefore Anderson only has state causes of action that are time barred. That argument was not asserted in its summary judgment motion and was not before the trial court. On appeal, the summary judgment cannot be affirmed on a ground not presented to the trial court in the motion. *Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex.1993).

### a. Standard of Review

In reviewing the granting of a motion for summary judgment, this Court will consider as true all the evidence that favors the nonmovant. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986); *Goldberg v. United States Shoe Corp.*, 775 S.W.2d 751, 752 (Tex. App.—Houston [1st Dist.] 1989, writ denied). We will indulge every reasonable inference in favor of the non movant, and we will resolve all reasonable doubts in his favor. *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex.1988); *Goldberg*, 775 S.W.2d at 752. If we determine that summary judgment was improperly granted, we will reverse the judgment and remand the cause for a trial on the merits. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988). Summary judgment is proper for a defendant if the defendant conclusively establishes all elements of his affirmative defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The movant must show there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *MMP, Ltd.*, 710 S.W.2d at 60. In a summary judgment proceeding, the burden of proof is on the movant, and all doubts about the existence of a genuine issue of fact are resolved against the movant. *Roskey v. Texas Health Facilities Com'n*, 639 S.W.2d 302, 303 (Tex.1982). When a party does not file a response to a summary judgment, the only ground for reversal it may raise on appeal is an attack on the legal sufficiency of the movant's summary judgment proof. *McConnell v. Southside ISD*, 858 S.W.2d 337, 343 (Tex.1993); *Waddy v. City of Houston*, 834 S.W.2d 97, 101 (Tex.App.—Houston [1st Dist.] 1992, writ denied).

Federal maritime law controls actions involving maritime torts even when trying to enforce a state-created remedy.[2] *Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406, 409–10, 74 S.Ct. 202, 205, 98 L.Ed. 143 (1953). States may only supplement federal admiralty law in a manner that is not inconsistent with traditional admiralty law. *Id.* A state remedy that materially conflicts with the characteristic features of the general maritime law or affects the harmony and uniformity of that law violates the restriction against altering the substantive maritime law. *Exxon Corp. v. Choo*, 881 S.W.2d 301, 304 (Tex.1994). The effect is to give substantive federal maritime law a preemptive force over state law. *Id.* Federal maritime standards control whether the action is in federal or state court. *Flowers v. Savannah Mach. & Foundry Co.*, 310 F.2d 135, 138 (5th Cir. 1962). General maritime law preempts state law to preserve the uniformity sought by Congress and the judiciary. *Maritime Overseas Corp. v. Ellis*, 886 S.W.2d 780, 784 (Tex. App.—Houston [14th Dist.] 1994, no writ). National power controls the substantive and procedural features of a maritime tort. *Butler v. American Trawler Co.*, 887 F.2d 20, 21 (1st Cir.1989).

### b. Analysis

Anderson does not specifically mention a maritime statute in his petition. Anderson claims that Varco negligently designed the top-drive drilling system and crown clearance indicator. Anderson also contends that the product's inherent and latent defects presented an unreasonable risk of harm in nor-

---

**2.** A two-step analysis is used to determine whether a case is a maritime case falling under federal admiralty jurisdiction: 1) Whether the negligent acts or omission occurred in or on navigable waters, and 2) whether the alleged pursuit bears a "nexus" to traditional maritime activity. *Executive Jet Aviation v. City of Cleveland, Ohio*, 409 U.S. 249, 268, 93 S.Ct. 493, 504, 34 L.Ed.2d 454 (1972). Some of the factors that satisfy the nexus are "the functions and roles of the parties; the types of vehicles and instrumentalities involved; the causation and the type of injury; and traditional concepts of the role of admiralty law." *Woessner v. Johns–Manville Sales Corp.*, 757 F.2d 634, 639 (5th Cir.1985).

mal use and created a dangerous trap to those aboard the ship. Anderson asserts these causes of action based on the laws of the state of Texas, the general maritime laws of the United States, the international maritime law, and the laws of the United Kingdom. In his brief, Anderson characterizes these claims under federal law as general maritime torts.

The federal statute of limitations for a maritime tort is three years:

> Unless otherwise specified by law, a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued.

46 U.S.C.App. § 763a (1987). The Texas statute of limitations for torts is two years under TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986).

■ The United States Court of Appeals for the First Circuit addressed the issue of whether this federal statute preempts the state statute of limitations.

> [T]he relevant question is not whether the federal limitations statute, 46 U.S.C.App. § 763a, is "substantive" or "procedural," but whether Congress intended that statute to preclude the operation of different state limitations statutes in respect to maritime torts. We believe that it did.

*Butler*, 887 F.2d at 21.

In its analysis, the First Circuit stated that the language of the statute suggests that Congress enacted it to deal with the problem of non-uniformity, a problem that arose because courts applying the federal doctrine of laches would use different local limitations statutes. *Id.* at 22. Before Congress enacted the three-year federal statute of limitations, the admiralty doctrine of laches, not state law, controlled the limitations period for bringing maritime personal injury causes of action. *Id.* We are persuaded by the First Circuit's analysis and apply the same here.

Supplementing federal admiralty law with the Texas two-year statute of limitations is inconsistent with traditional admiralty law. A two-year statute of limitations affects the harmony and uniformity of maritime law, thus altering the substantive maritime law. Even if the two-year statute of limitations is viewed as altering the procedural maritime law, national power controls the substantive and procedural features of a maritime tort even when trying to enforce a state created remedy. The federal three-year statute of limitations preempts the Texas two-year statute of limitations in maritime tort actions to preserve the uniformity sought by 46 U.S.C.App. § 763a.

In this case, Anderson filed his claim two years and 20 days after the injury occurred. His claim was filed within the three-year period allowed by federal statute. Anderson's federal and state causes of action are not time barred because federal maritime law controls in federal or state court. Therefore, the trial court erred in granting summary judgment.

We sustain points of error one, three, and four. Accordingly, we need not address point of error two.

### Conclusion

We reverse the summary judgment and remand for further proceedings.