Panagiotis **TOUBANIARIS**, Appellant,

v.

**AMERICAN BUREAU OF SHIPPING**
**and American Bureau of Shipping—**
**Singapore, Appellees.**

No. 01–97–00464–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 29, 1998.

Anastassios Triantaphyllis, Houston, for Appellant.

Dana Keith Martin, Robert Glen Moll, Houston, for Appellees.

Before SCHNEIDER, C.J., and WILSON and ANDELL, JJ.

## OPINION

ANDELL, Justice.

This is an appeal from an order of dismissal rendered in favor of the appellees/defendants, American Bureau of Shipping and American Bureau of Shipping—Singapore (ABS). In six points of error, the plaintiff/appellant, Panagiotis Toubaniaris, contends the trial court erred because: (1) an issue of genuine fact exists; (2) it should have applied a three-year statute of limitations; (3) it should have applied section 71.031(a) of the Civil Practices and Remedies Code; (4) it should not have dismissed the case on the basis of forum non conveniens; (5) ABS did not properly request summary judgment; and (6) attorney's fees should not

have been taxed against him. We reverse and remand.

### Facts and Procedural History

Toubaniaris, a Greek citizen, was injured in a ship explosion in Genoa, Italy, on April 11, 1991. On August 31, 1993, Toubaniaris filed suit in Texas state court against ABS for negligence in inspecting the ship.[1] ABS filed a "motion to dismiss for forum non conveniens and motion for partial summary judgment" based on limitations. ABS asserted several reasons that Toubaniaris' s claim should be dismissed on forum non conveniens grounds, including the lack of Texas connections to the act giving rise to the lawsuit and the difficulty of obtaining witnesses and evidence if the trial were to be held in Texas. ABS agreed to waive its limitations claim if the court were to grant their motion to dismiss on forum non conveniens grounds. In support of their motion, ABS submitted evidence to prove the date that Toubaniaris was injured and the date that he filed suit, and that maintenance of the case in Texas would be impractical.

The trial court rendered summary judgment against Toubaniaris on the basis of limitations. In *Toubaniaris v. American Bureau of Shipping*, 916 S.W.2d 21, 23 (Tex. App.—Houston [1st Dist.] 1995, no writ), this Court reversed on procedural grounds because ABS did not properly request summary judgment, only dismissal.

After remand, ABS renewed its motion for partial summary judgment and dismissal. It added a section to note this Court's action, but made no substantive changes to the motion. ABS submitted a supplemental brief in support of its motion, and Toubaniaris supplemented his response, but the arguments to the trial court were essentially unchanged. The trial court issued an order dismissing the case based on the Texas statute of limitations and on forum non conveniens, and this appeal ensued.[2] Because the trial court did

---

1. We note as a threshold issue that Greece and the United States have equal treaty rights. *See* Treaty of Friendship, Commerce and Navigation, Aug. 3, 1951, U.S.-Greece, art. VI, para. 1, 5 U.S.T. 1829, 1841.

2. In point of error one, Toubaniaris argues the trial court erred in rendering summary judgment because there is a genuine fact issue. In point of error five, Toubaniaris contends the trial court erred in "considering" summary judgment because the motion was inadequate. As there was

not render partial summary judgment, the procedural defect is cured and we will address the merits.

## Dismissal

The order of dismissal was based on two grounds: expiration of limitations and forum non conveniens. In point of error two, Toubaniaris argues the trial court applied an incorrect statute of limitations. In points of error three and four, he argues the court erred in applying forum non conveniens and dismissing the case.

■ In a case arising from a maritime tort, as this case does, limitations is three years, not two; moreover, maritime law preempts state law. *See* 46 U.S.C.App. § 763a (1994); *Anderson v. Varco Int'l Inc.*, 905 S.W.2d 26, 29 (Tex.App.—Houston [1st Dist.] 1995, writ denied). ABS concedes the Supreme Court of Texas has held that, under the law in effect when this lawsuit was filed, an action for personal injury caused by an act or omission out of state was not subject to dismissal on forum non conveniens grounds. *See Dow Chem. Co. v. Castro Alfaro*, 786 S.W.2d 674, 679 (Tex.1990); TEX. CIV. PRAC. & REM.CODE ANN. § 71.031 (Vernon 1997). However, ABS argues that section 71.031 on its face only applies when the claim is begun in Texas "within the time provided by the laws of this state" for beginning the action. TEX. CIV. PRAC. & REM.CODE ANN. § 71.031(a)(2) (Vernon 1997). ABS urges us to adopt its definition of "laws of this state" to mean exclusively statutory laws enacted by the Texas legislature and local governments. Because Toubaniaris's claim would be barred by limitations under Texas law, ABS therefore argues the claim was not brought within the time provided by the laws of this state, and the trial court properly dismissed it based on forum non conveniens. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003 (Vernon 1997) (limitations period for personal injury is two years). It is clear that, had the claim been brought within two years, Toubaniaris had an absolute right to avoid dismissal based on forum non conveniens. *See Dow Chemical*, 786 S.W.2d at 689. It is equally well settled that the limitation period

for claims arising out of maritime torts is three years. *See Varco*, 905 S.W.2d at 29. The key inquiry, then, is whether ABS's definition of the "laws of this state" is correct.

■ The authority upon which ABS relies does not explicitly address how we should define the term, nor actually provides such a definition. Rather, each deals with the concept in a peripheral and limited manner, generally in an attempt to determine if a particular statute is a law of this state. We do not find compelling reasons based on the cited authority to adopt ABS's narrow definition of the term "laws of this state" to mean exclusively Texas state and local statutes. In*Castro Alfaro v. Dow Chem.*, 751 S.W.2d 208, 209 (Tex.App.—Houston [1st Dist.] 1988), *aff'd*, 786 S.W.2d 674 (Tex.1990), this Court does not attempt to define the term. In *Howard v. Clack*, 589 S.W.2d 748, 750 (Tex.Civ.App.—Dallas 1979, no writ), the court considered whether duties imposed by a city charter should be deemed duties imposed by the laws of this State, and determined that the term was not limited only to laws of statewide scope, but also included local laws. Likewise, the criminal cases ABS cites address only whether violation of a State Bar disciplinary rule is a violation of state law, and do not define the term "laws of this state." *See Henrich v. State*, 694 S.W.2d 341, 342 (Tex.Crim.App.1985); *Pannell v. State*, 666 S.W.2d 96, 98 (Tex.Crim.App. 1984).

If, for the purposes of interpreting section 71.031, we were to define "laws of this state" as ABS urges, it would allow us to ignore the doctrine of preemption and to circumvent the doctrine that a foreign plaintiff has an absolute right to avoid dismissal based on forum non conveniens. *See Dow*, 786 S.W.2d at 689. We are persuaded that the laws of this State include not only statutes, but also the common law and legal doctrines such as federal preemption. This Court held in *Varco* that "national power controls the substantive and procedural features of a maritime tort, even when trying to enforce a state created remedy." 905 S.W.2d at 29. Given this, we hold that the federal limitation period of

no summary judgment rendered, we overrule points of error one and five.

three years is applicable, that the cause of action was brought in the time provided by the laws of this State, and that Toubaniaris has an absolute right to avoid dismissal based on forum non conveniens

We sustain points of error two, three, and four.

In point of error six, Toubaniaris complains of the trial court's award of attorney's fees to ABS. ABS agrees, and concedes it will not seek to collect these, thus we do not address the point.

We reverse the judgment and remand the cause to the trial court.