Filed 11/2/01 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2001 ND 174

Arlon Voge, Plaintiff and Appellant

v.

Lloyd Schnaidt, Defendant and Appellee

No. 20010024

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Maurice R. Hunke, Judge.

AFFIRMED.

Opinion of the Court by Neumann, Justice.

John A.C. Cartner (argued), Law Offices of John A.C. Cartner, 1825 Eye Street, N.W., Suite 400, Washington, D.C. 20006, and Ronald A. Reichert (appeared), Reichert & Herauf, P.C., P.O. Box K, Dickinson, N.D. 58602-8305, for plaintiff and appellant.

Kimbley Kearney (argued), Clausen Miller, P.C., 10 South LaSalle Street, Chicago, IL 60603-1098, and Paul F. Ebeltoft, Jr., (appeared), Mackoff, Kellogg, Kirby & Kloster, P.C., P.O. Box 1097, Dickinson, N.D. 58602-1097, for defendant and appellee.

Voge v. Schnaidt

No. 20010024

Neumann, Justice.

[¶1] Arlon Voge appealed an order granting a motion for summary judgment and a judgment dismissing his complaint against Lloyd Schnaidt for damages resulting from a boating accident.  We conclude the trial court properly applied a federal statute of limitations, and we affirm.

[¶2] Voge was injured on June 26, 1994, when his boat and one operated by Schnaidt collided on Lake Sakakawea, an impoundment on the Missouri River.  Voge sued Schnaidt for damages in 1999.  The trial court issued an order granting Schnaidt’s motion for summary judgment of dismissal, ruling “the governing law is the federal three-year statute of limitation set forth in 46 U.S.C 763(a).”  A judgment dismissing Voge’s complaint was entered.  Voge appealed, contending the trial court erred in applying the three-year statute of limitations in 46 U.S.C. App. § 763a, rather than the six-year statute of limitations in N.D.C.C. § 28-01-16.

[¶3] Federal “judicial power shall extend . . . to all cases of admiralty and maritime jurisdiction.”  U.S. Const. art. 3, § 2.  “Where a tort is committed upon a public navigable water of the United States, it is a marine tort, within the jurisdiction of the proper admiralty court.”  
Holmes v. O. & C. Ry. Co.
, 5 F. 75, 77 (D. Or. 1880).  “Maritime torts . . . are all injuries . . . or injurious acts done and committed on the sea or navigable water connected with the ocean.”  
In re Long Island North Shore Passenger & Freight Transp. Co.
, 5 F. 599, 606 (S.D. N.Y. 1881).  “[N]avigation of a vessel on navigable waters . . . is the very paradigm of traditional maritime activity.”  
Mink v. Genmar Indus., Inc.
, 29 F.3d 1543, 1546 (11th Cir. 1994).  “[A] complaint alleging a collision between two vessels on navigable waters properly states a claim within the admiralty jurisdiction of the federal courts.”  
Foremost Ins. Co. v. Richardson
, 457 U.S. 668, 677 (1982).

[¶4] “[T]he Missouri River is a navigable stream in this state.”  
Hogue v. Bourgois
, 71 N.W.2d 47, 52 (N.D. 1955).  Beginning in Montana and flowing 2540 miles to a point near St. Louis, Missouri, where it enters the Mississippi River, which flows from Minnesota to the Gulf of Mexico, the Missouri River is the longest river in the United States.  
Missouri River
, Encarta Encyclopedia, 
at
 http: //encarta.msn.com/reference.  The parties agree Lake Sakakawea is a navigable water for purposes of admiralty jurisdiction.

[¶5] The federal judicial power is not exclusive.  
American Dredging Co. v. Miller
, 510 U.S. 443, 446 (1994).  Section 1333(1), 28 U.S.C., provides for suits in state courts:

The district courts shall have original jurisdiction, exclusive of the courts of the states, of:

(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

“An 
in rem
 suit against a vessel . . . is within the exclusive province of the federal courts.”  
American Dredging Co.
, 510 U.S. at 446-47.  However, the saving-to-suitors clause of 28 U.S.C. § 1333 allows a person injured in a maritime tort to sue for damages in a state court.  
Offshore Logistics, Inc. v. Tallentire
, 477 U.S. 207, 222-23 (1986) (“[T]he ‘saving to suitors’ clause allows state courts to entertain 
in personam
 maritime causes of action.”); 
Servis v. Hiller Systems, Inc.
, 54 F.3d 203, 206 (4th Cir. 1995) (The “saving to suitors” clause of 28 U.S.C. § 1333 “preserves a maritime suitor’s election to pursue common-law remedies in state court.”); 
Mendez v. Ishikawajima-Harima Heavy Indus. Co., Ltd.
, 52 F.3d 799, 800 (9th Cir. 1995) (“The saving-to-suitors clause allows claimants to pursue actions for maritime torts at law either in state courts or in federal courts pursuant to diversity jurisdiction.”).  Under 28 U.S.C. § 1333, a state court exercising 
in personam
 jurisdiction may adopt any remedy that does not prejudice the characteristic features of the general maritime law or interfere with the proper harmony and uniformity of the general maritime law.  
American Dredging Co.
, 510 U.S. at 447.  Thus, a person who, like Voge, is injured in a collision of boats on navigable waters may bring a maritime tort action for damages in state or federal court.  The parties agree the state district court has concurrent jurisdiction with the federal court.

[¶6] When an action for damages arising out of a maritime tort is brought in state court under the “saving to suitors” clause in 28 U.S.C. § 1333, “the extent to which state law may be used to remedy maritime injuries is constrained by a so-called ‘reverse - 
Erie
’ doctrine which requires that the substantive remedies afforded by the States conform to governing federal maritime standards.”  
Offshore Logistics, Inc.
, 477 U.S. at 222-23.  “Regardless of the chosen forum, the applicable substantive law will be federal maritime law.”  
Mendez
, 52 F.3d at 800.  
See also
 
Lavergne v. Western Co.
, 371 So.2d 807, 809 (La. 1979) (“regardless of in which court the action is brought, the federal substantive admiralty or maritime law applies if the claim is one cognizable in admiralty”).  “Federal maritime law controls actions involving maritime torts even when trying to enforce a state-created remedy.”  
Anderson v. Varco Int’l, Inc.
, 905 S.W.2d 26, 28 (Tex. Ct. App. 1995).  Thus, a suit brought in state court under 28 U.S.C. § 1333 is subject to federal maritime law.

[¶7] Included in the federal maritime law applicable to a suit in state court under 28 U.S.C. § 1333 is 46 U.S.C. App. § 763a, which provides:

Unless otherwise specified by law, a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued.

That statute, which Congress adopted in 1980, provides “a uniform three-year statute of limitations for maritime personal injury and wrongful death claims.”  
Usher v. M/V Ocean Wave
, 27 F.3d 370, 371 (9th Cir. 1994).  “The language and legislative history of Section 763a indicate Congress intended the three-year limitations period established by that section to apply to all maritime personal injury claims, including 
in rem
 actions previously governed by the doctrine of laches.”  
Id.
 at  371-72.

[¶8] Federal courts have held the three-year statute of limitations in 46 U.S.C. App. § 763a, rather than any state statute of limitations, applies to actions for maritime torts.  
See
  
Mendez
, 52 F.3d at 801 (district court erred in concluding California one-

year statute of limitations barred Mendez’s action for a maritime tort, and should have applied the three-year limitation in § 763a); 
Mink v. Genmar Indus., Inc.
, 29 F.3d at 1547 (“In enacting § 763a, Congress intended to provide a uniform statute of limitations for all maritime personal injury and death torts,” and its three-year statute of limitations governed a suit against a boat manufacturer for an injury on a boat on the Gulf of Mexico, rather than a more favorable state limitation.).  State courts have also held the three-year statute of limitations in 46 U.S.C. App. § 763a applies to maritime torts, rather than a state statute of limitations.  
See
 
Anderson
, 905 S.W.2d at 29 (“The federal three-year statute of limitations preempts the Texas two-year statute of limitations in maritime tort actions to preserve the uniformity sought by 46 U.S.C. App. § 763a.”); 
Konrad v. South Carolina Elec. & Gas. Co.
, 417 S.E.2d 557, 559 (S.C. 1992) (The three-year statute of limitations in 46 U.S.C. App. § 763a precluded application of a state’s six-year statute of limitations in a suit for injuries sustained by a passenger on a sailboat whose mast contacted an electric transmission line.).

[¶9] Under the state and federal decisions holding a remedy afforded in a suit brought in a state court under 28 U.S.C. § 1333 must conform to federal maritime law, such an action is subject to the three-year statute of limitations provided by 46 U.S.C. App. § 763a, rather than a state statute of limitations.  We conclude the trial court properly applied the three-year limitation in 46 U.S.C. App. § 763a, rather than the six-year limitation in N.D.C.C. § 28-01-16.  Our conclusion is consistent with the plain language of  46 U.S.C. App. § 763a, which says a personal injury damage suit “arising out of a maritime tort, shall not be maintained unless commenced within three years,” and with the purpose stated in House Report N. 96-737 to P.L. 96-382, which was enacted and codified as 46 U.S.C. App. § 763a:  “The purpose of the legislation is to establish a uniform national statute of limitations for maritime torts.”

[¶10] The judgment and order are affirmed.

[¶11] William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.